UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-00330-BR

LYDIA B. HASHEMZADEH,                    )
                              Plaintiff  )
v.                                       )                    ORDER
                                         )
                                         )
BELK, INC.,                              )
                              Defendant  )

        This matter is before the court on defendant's motion to dismiss for lack of jurisdiction,

defendant's motion to continue Rule 26(f) conference and postpone entry of scheduling order,

and plaintiff's motion to appoint counsel.

        On 8 April 2009, plaintiff filed a charge of discrimination with the Equal Employment

Opportunity Commission (EEOC) alleging sexual discrimination by an assistant manager

employed by defendant.  (Mem. Supp. Mot., Ex. 1.)  On 20 May 2010, the EEOC mailed a right-

to-sue letter to plaintiff.  (8/12/10 Mot., Ex. A.)  On 12 August 2010, plaintiff filed an

application to proceed *in forma pauperis* on her employment discrimination claim, which Judge

Gates allowed on 14 October 2010.  On 25 October 2010, the summons and complaint were

served on defendant.  (10/28/10 Aff.)

        On 15 November 2010, defendant filed the instant motion to dismiss.  On 17 November

2010, the Clerk notified plaintiff of the motion and that any response in opposition must be filed

on or before 9 December 2010.  Plaintiff never filed a response in opposition to the motion;

however, she did file the instant motion to appoint counsel on 7 December 2010.  Defendant

filed a motion to continue the Rule 26(f) conference and postpone entry of the scheduling order

on 9 December 2010.  On 13 December 2010, defendant filed a response in opposition to

plaintiff's motion to appoint counsel.

First, the court evaluates defendant's argument that this court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because plaintiff failed to exhaust her administrative remedies for her claims of discrimination based on age, race, religion, ethnicity, and education. Defendant contends that this court only has subject matter jurisdiction over plaintiff's claim of sexual discrimination because plaintiff alleged only sexual discrimination in her initial EEOC charge. The court agrees.

In evaluating a motion to dismiss for lack of subject matter jurisdiction, the court "accepts as true all factual allegations set forth in the complaint and construes those facts in favor of the plaintiff." McDaniel v. Greyhound Lines, Inc., No. 3:08CV130, 2008 WL 2704774, at *1 (W.D.N.C. July 7, 2008) (citing Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217 (4th Cir. 1994)). The burden is on the plaintiff to prove subject matter jurisdiction exists. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). The court "may consider evidence outside the pleadings without converting [a motion to dismiss for lack of subject matter jurisdiction] to one for summary judgment." Id. (citations omitted).

Title VII of the Civil Rights Act of 1964 requires employees who believe they have been discriminated against in violation of Title VII to first file an administrative charge with the EEOC. See Laber v. Harvey, 438 F.3d 404, 416 (4th Cir. 2006). This process serves to exhaust the plaintiff's administrative remedies before she may bring a civil suit. See id. at 415. If the EEOC determines it cannot "eliminate the discriminatory practice" or finds no "reasonable cause to believe the employee's allegations," the EEOC issues a right-to-sue letter to the employee, at which point the employee is entitled to seek judicial review. Id. at 416. The employee's right to

seek judicial review of her claim, however, is limited.

> 'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.' Thus, a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex.

Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citations omitted).

In addition, "[a] claim will also typically be barred if the administrative charge alleges one type of discrimination— such as discriminatory failure to promote— and the claim encompasses another type— such as discrimination in pay and benefits." Chacko v. Patuxent Institution, 429 F.3d 505, 509 (4th Cir. 2005) (citations omitted); see also Bott v. U.S. Airways, Inc., No. 3:09CV113, 2009 WL 1686801, at *3 (W.D.N.C. June 15, 2009) (holding that the plaintiff failed to exhaust her administrative remedies as to retaliation where she failed to check the box for retaliation in her EEOC charge and did not mention therein any actions taken by the defendant in response to any complaint). Therefore, if the plaintiff fails to exhaust her administrative remedies for all claims and incidents of discrimination, the court will be deprived of subject matter jurisdiction over claims not originally stated in the EEOC charge. See Jones, 551 F.3d at 300.

Plaintiff alleged in her EEOC charge that defendant's assistant manager had "sexually harassed" her on several occasions. (Mem. Supp. Mot., Ex. 1). On the EEOC charge, plaintiff placed an "X" in the box specifying she had been discriminated against based on her sex; no other boxes are marked. (Id.) Furthermore, plaintiff described in three paragraphs the discrimination she suffered purportedly based on her sex, but failed to suggest any other basis for

3

discrimination. Plaintiff subsequently filed her civil complaint alleging, in addition to sex, that she was discriminated against based on her race, religion, age, gender, education, and ethnic background. (Compl. at 3–4). Additionally, plaintiff alleged that defendant terminated her employment, failed to promote her, retaliated against her "for reporting an incidence [sic] of unlawful harassment," and subjected her to a "hostile work environment." (Id. at 2–3). In her EEOC charge, however, plaintiff did not claim discriminatory retaliation or failure to promote. Plaintiff's failure to allege discrimination on the basis of anything but sex in her EEOC charge bars her from now bringing suit based on discrimination on any other ground. Similarly, because she did not assert in her EEOC charge anything regarding retaliation or failure to promote, claims based on those types of discrimination are also barred in this action.

Secondly, defendant moves for dismissal under Fed. R. Civ. P. 12(b)(2), (4) and (5) based on the court's lack of personal jurisdiction due to insufficient process and insufficient service of process. Defendant takes issue with plaintiff's failure to address and deliver the summons and complaint to a proper officer, director, or agent of defendant.

Pursuant to Fed. R. Civ. P. 4(h)(1)(A), service on a corporation may be effected by following state law. Under North Carolina law, a domestic corporation may be served in one of the following ways:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.

d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. R. Civ. P. 4(j)(6).

Although plaintiff failed to name an officer, director, or agent of defendant in the summons, and failed to address the summons and complaint to an officer, director, or agent of defendant, the court finds that dismissal is not appropriate in this case. See McCreary v. Vaughan-Bassett Furniture Co., 412 F. Supp. 2d 535, 537 (M.D.N.C. 2005) ("Technical noncompliance with Rule 4 does not, however, always require dismissal."). In the interests of justice, the court will allow plaintiff an additional opportunity to properly effectuate service, as there is no evidence of bad faith on the part of plaintiff, nor is there anything in the record to suggest defendant would be prejudiced. See Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963) (stating where actual notice has been received, Rule 4 should be construed liberally, "thus insuring the opportunity for a trial on the merits").

Next, the court considers defendant's motion to continue the Rule 26(f) conference and postpone entry of the scheduling order. Due to the court's allowing plaintiff an opportunity to correct service on defendant, the court agrees that it is in the best interests of all parties to continue the Rule 26(f) conference and postpone entry of the scheduling order until after plaintiff has effectuated service.

5

Lastly, the court turns to plaintiff's motion to appoint counsel. The court may, within its discretion, appoint counsel to "represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); cf. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Title VII of the Civil Rights Act of 1964 also provides that "in such circumstances as the court may deem just, the court may appoint an attorney" for a complainant. 42 U.S.C. § 2000e-5(f)(1). A civil litigant, however, is not constitutionally entitled to court appointed counsel because "'it is a privilege and not a right.'" Barefoot v. Polk, No. 5:07-CT-3029-D, 2010 WL 3245528, at *2 (E.D.N.C. Aug. 17, 2010) (quoting Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968)); see also Tyson v. Pitt Cnty. Gov't, 919 F. Supp. 205, 206–07 (E.D.N.C. 1996) (stating the plaintiff has a statutory *right to request* counsel, "but [that] does not create a statutory *right to such counsel*" (emphases added)).

In considering whether to appoint counsel, the litigant must convince the court "that [her] case is one with exceptional circumstances." Morales v. Holly, No. 1:09CV175, 2010 WL 3168291, at *3 (M.D.N.C. Aug. 6, 2010) (quoting Miller, 814 F.2d at 966). While there is no precise definition for "exceptional circumstances," courts have construed it to involve two factors: (1) the "complexity of the case," and (2) the ability of the plaintiff to present the case. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) (citation omitted). Plaintiff appears to have the capacity to sufficiently articulate her arguments. At this point, the case is not particularly complex. Plaintiff's motion to appoint counsel will be denied.

For the foregoing reasons, defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. The only claim remaining is plaintiff's claim of discrimination based on her sex under Title VII. The Clerk is DIRECTED to send a blank summons to plaintiff with a copy

6

of this order.  Plaintiff must complete and return the summons to the Clerk for issuance within **20** days of this order.  Plaintiff is warned that if she does not timely return the summons for issuance or if she does not properly complete the summons, her case may be dismissed.

Defendant's motion to continue the Rule 26(f) conference and postpone entry of the scheduling order is GRANTED.  The Rule 26(f) conference must occur within 40 days from entry of this order, and the parties shall file the discovery plan within 14 days after that conference.

Plaintiff's motion to appoint counsel is DENIED.

This 1 March 2011.

_____
W. Earl Britt
Senior U.S. District Judge