UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-00330-BR

| | | |
|---|---|---|
| LYDIA B. HASHEMZADEH, ) | | |
| Plaintiff, ) | | |
| v. ) | | ORDER |
| ) | | |
| ) | | |
| BELK, INC., ) | | |
| Defendant. ) | | |

This matter is before the court on defendant's renewed motion to dismiss. The Clerk notified plaintiff of the motion, her obligation to file a response within 21 days, and the possible dismissal of her case if she failed to respond. Plaintiff has not filed a response to the motion.

By way of background, on 12 August 2010, plaintiff filed an application to proceed *in forma pauperis* on her employment discrimination claim. U.S. Magistrate Judge James E. Gates allowed the application on 14 October 2010. On 1 March 2011, the court granted in part and denied in part defendant's motion to dismiss. Plaintiff was allowed an opportunity to correctly serve defendant with process, which she apparently did (via the U.S. Marshal) on 23 March 2011. Upon defendant's submission of its proposed discover plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure,[1] the court entered scheduling orders in May 2011.

On 7 June 2011, defendant filed a motion to dismiss or, in the alternative, to compel on the ground that plaintiff had failed to participate in the Rule 26(f) conference and had not responded to defendant's discovery requests. On 26 September 2011, shortly after Judge Gates denied plaintiff's motion for a protective order, the court denied defendant's motion to dismiss

---

[1]Because plaintiff did not communicate with defendant about the terms of a proposed discovery plan, defendant submitted its own proposed plan. (See DE # 20.)

but granted its motion to compel. Specifically, the court directed plaintiff to respond to the outstanding discovery requests within 30 days. Importantly, the court warned plaintiff, **"THAT IF SHE FAILS TO TIMELY AND FULLY RESPOND TO THOSE DISCOVERY REQUESTS, HER CASE MAY BE DISMISSED AND JUDGMENT ENTERED IN FAVOR OF DEFENDANT."** (DE # 31 (emphasis in original).)

On 24 October 2011, plaintiff filed a "Motion for a Postponement." On 23 November 2011, the court denied plaintiff's request for relief. The court again directed plaintiff to respond to defendant's discovery requests and stated, **"FOR THE SECOND TIME, PLAINTIFF IS HEREBY WARNED THAT IF SHE FAILS TO TIMELY AND FULLY RESPOND TO THOSE DISCOVERY REQUESTS, HER CASE MAY BE DISMISSED AND JUDGMENT ENTERED IN FAVOR OF DEFENDANT."** (DE # 33 (emphasis in original).)

According to defendant's instant motion, plaintiff has not served her responses to defendant's discovery requests. Defendant requests that the court dismiss this action pursuant to Rule 37 of the Federal Rules of Civil Procedure.

> The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37. The court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998) (citation omitted). The court has given plaintiff multiple opportunities to serve her discovery responses and warned her of the potential result should she fail to do so. Defendant is obviously prejudiced in not having the responses, as they would likely influence whether to

undertake additional discovery, such as plaintiff's deposition.  Defendant has incurred the expense of defending the action throughout plaintiff's delay.  Because plaintiff is a pauper, the imposition of monetary sanctions would not be effective.  In sum, the court, in its discretion, concludes that dismissal is warranted here.

Defendant's motion to dismiss is ALLOWED.  This case is DISMISSED WITH PREJUDICE.

This 28 February 2012.

W. Earl Britt
Senior U.S. District Judge

3